# Exhibit A

## To Defendant Eli Lilly and Company's
## Notice of Removal of Civil Action

Case being removed:
*Karen Duseau v. Eli Lilly and Company*
D.C. Superior Ct. No. 05-0005731

124658v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

Karen Duseau       ]
54 Tower Avenue      ]
S. Weymouth, MA 02190    ]

      Plaintiff,   ]

   v.        ] CIVIL ACTION NO. _____

ELI LILLY AND COMPANY   ]
Lilly Corporate Center, Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910  ]
Washington, DC 20005    ]

  and       ]

BRISTOL-MYERS SQUIBB COMPANY ]
a successor of E.R. SQUIBB & SONS, INC. ]
P.O. Box 4500      ]
Princeton, NJ 08543    ]
  w/s/o CT CORPORATION  ]
  1025 Vermont Avenue, N.W.  ]
  Washington, DC 20005   ]
        ]
        ]
    Defendants.  ]



05-0005731

RECEIVED
Clerk's Office
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
### (DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants and their predecessors are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3.      On or about 1968-1969 during her pregnancy with Plaintiff, the mother of the

Plaintiff herein bought and ingested DES in Massachusetts.  Her physician prescribed said drug

during the pregnancy.  The drug was sold by Defendants Eli Lilly and Company and/or

predecessors to Bristol Myers Squibb Company.

4.      As a result of Plaintiff's embryonic exposure to DES, she suffered injuries,

including, but not limited to, uterine malformations with resulting primary infertility, incurred

medical expenses for care and treatment, suffered physical and mental pain and suffering, and

has been deprived of the family she desires.

5.      Said injuries were the result of the negligence of Defendants, including, but not

limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse

studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.      All of the allegations contained in Count I are re-alleged and incorporated herein

by reference.

7.      DES is, and at all times relevant to this action was, an unreasonably dangerous

and defective drug when used by pregnant women for its advertised and intended purpose as a

preventative of miscarriage.

8.      Defendants are engaged, or have been engaged, in the business of producing DES,

and are, or have been, commercial manufacturers of said drug.

9.     Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10.     Said product was defective when placed on the market by Defendants. DES was sold by Defendants, without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.     Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff, and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforementioned.

13.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.     All of the allegations contained in Counts I and II are re-alleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was effective as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, the implied and express warranties, and representations.

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are re-alleged and incorporated herein by reference.

20.    Defendants represented to pregnant women, including the mother of Plaintiff and her attending physician, via promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately-tested; these representations were made and publicized with the sole purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff's attending physician did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendants to be false; they were made by Defendants in a conscious, reckless and/or

unreasonable disregard of facts available to Defendants, which directly indicated a lack of efficacy and a danger to pregnant women and their unborn children.

23.    As a direct result of said false representations by Defendants, Plaintiff was injured as aforementioned.

**COUNT V**
**(Punitive Damages)**

24.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective for use in miscarriage prevention, disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically, even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration, the Obstetrical Profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and subsequently submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

_____

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

_____

Brandon J. Levine, #412130

_____

Renee L. Robinson-Meyer, #455375

_____

Steven J. Lewis, #472564


Counsel for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.


_____

Aaron M. Levine



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAREN DUSEAU
    Vs.                                  C.A. No.      2005 CA 005731 B
ELILILLY AND COMPANY

## <u>INITIAL ORDER</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ

Initial Conference: 9:30 am, Friday, November 04, 2005
Location:   Courtroom 415
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| KAREN DUSEAU | |
|---|---|
| | *Plaintiff* |

**VS.**

| ELI LILLY AND CO et.al. | |
|---|---|
| | *Defendant* |

Civil Action No. [                    ]

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
| Name of Plaintiff's Attorney |

| 1320 19th St., NW, Suite 500 |
|---|
| Address |

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|
| Telephone |

By _____
            Deputy Clerk

Date [ JUL 2 5 2005 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

KAREN DUSEAU                          *

    Plaintiff                 *

                                C.A. No.: 05-CA-0005731

v.                                    *       Judge: Neal E. Kravitz

ELI LILLY & COMPANY, et al.           *

    Defendants                *

        *     *     *     *     *     *     *     *     *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiff.

2.    As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

4.      As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

5.      As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6.      As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

7.      As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

8.      As to Count III, Paragraphs 15, 16, 17, and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.      As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10.     As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.    As to Count V, Paragraph 24 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

3

## SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

4

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiff's causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs is barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

5

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

Count V of the Complaint does not constitute a separate cause of action but is merely a request for a different type of damages and, therefore, Count V of the Complaint is a legal nullity.

WHEREFORE, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2005, a copy of the

foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036; *Attorney for Plaintiffs*

John Kuckelman, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO  64108;

Michele R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004; *Attorneys for Eli Lilly & Company*

Sidney G. Leech

8

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

KAREN DUSEAU       ]
              ]
    Plaintiff,     ]
              ] CIVIL ACTION NO. 05-005731
  v.          ] Judge Kravitz
              ]
ELI LILLY AND COMPANY et.al.  ]
              ]
    Defendants.    ]

## PRAECIPE

Clerk:

   Please replace the attached as page 6 of the complaint, filed July 25, 2005.

         Respectfully submitted,
         AARON M. LEVINE & ASSOCIATES

         Brandon J. Levine, #412130
         1320 19th Street, N.W., Suite 500
         Washington, D.C. 20036
         (202) 833-8040

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of August, 2005, the foregoing was faxed to:

John F. Kuckelman, Esq.
SHOOK, HARDY, AND BACON
2555 Grand Blvd.
Kansas City, Mo. 64108

Counsel for Eli Lilly and Co.

And

Sidney G. Leech, Esq.
GOODELL, DeVRIES, LEECH, AND DANN
One South Street, 20th Floor
Baltimore, MD. 21202

Brandon J. Levine, Esq.

**WHEREFORE**, Plaintiff Karen Duseau demands judgment against Defendants in the sum of One Million Dollars ($1,000,000.00), jointly and severally, in compensatory damages and One Million ($1,000,000.00), jointly and severally, in punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine