## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KAREN DUSEAU,              ]

                        ]

        Plaintiff,      ]

                        ]

      v.                ]      Civil Action No.: 05-1583 (GK)

                        ]      **Next Event: Initial Scheduling Conference**

ELI LILLY AND COMPANY, et al.,   ]      **on August 29, 2005 at 10:00 a.m.**

                        ]

        Defendants.    ]

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendants conferred up to and including August 18, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1.: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES:  It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) The parties suggest November 17, 2005 as the deadline for joinder and/or amendment of the pleadings; (b) The parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate

judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay, or another mediator of the Court's choosing, for mediation to begin after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgment or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiff requests an extension of time to respond to defendants' discovery requests, plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all

known medical providers who have treated the plaintiff and/or her mother; (d) the identity, and if

known, the address and telephone number of the pharmacy, physician and/or hospital dispensing the

DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of the

plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this

lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records

(other than medical records received directly from plaintiff), defendants shall send a copy of all such

medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what
limits should be placed on discovery; whether a protective order is appropriate; and a date for the
completion of all discovery, including answers to interrogatories, document production, requests for
admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is

limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be

limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions

of the plaintiff, any current or former husband, the mother and father of the plaintiff, as well as the

depositions of any relevant medical providers, pharmacists or pharmacy personnel. The parties agree

that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is

greater.

The parties suggest the following schedule:

November 17, 2005:   Deadline for Joinder and/or Amendment of the Pleadings.

November 28, 2005:   Deadline for serving Discovery Requests.

December 28, 2005:   Deadline for plaintiff to designate experts and provide expert reports,

pursuant to Rule 26(a)(2).

March 28, 2006:     Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

April 27, 2006:     All Discovery closed. The parties agree that experts may be deposed until the close of discovery.

May 30, 2006:     Deadline for Filing Dispositive Motions.

July/August 2006:     Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for depositions. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2) and all parties agree to dispense with, at the time of the disclosures, the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the expert witness shall provide said list of cases at the time of his/her deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial

of this case should be bifurcated or managed in phases.

TOPIC NO. 12:  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES:  The parties request a pretrial conference in July/August 2006.

TOPIC NO. 13:  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES:  The plaintiff prefers that a firm trial date be set at the first scheduling conference.  Defendants do not prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14:  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES:  The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.     Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1968 to the plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations, with resulting primary infertility, suffered physical and mental pain, with concomitant medical and surgical expenses for care and treatment, and that the Defendants are liable for said injuries based on negligence, strict liability,

breach of warranty, and misrepresentation.

B.    <u>Defendants'</u>:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Bristol-Myers Squibb Company ("Squibb") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

<u>STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES</u>:

A.    <u>Plaintiffs'</u>:

The statutory basis for the Plaintiffs' cause of action is 28 U.S.C. §1332(a) (diversity).

B.    <u>Defendants':</u>

The only affirmative defense asserted by all Defendants with a statutory basis is that the

Plaintiffs' claims may be barred by the statute of limitations.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES                SHOOK, HARDY & BACON, L.L.P.

/s/ Aaron M. Levine                          /s/ Michelle R. Mangrum (by permission-rm)
AARON M. LEVINE, #7864                       MICHELLE R. MANGRUM, #473634
1320 19th Street, N.W., Suite 500            600 14th Street, N.W., Suite 800
Washington, DC   20036                       Washington, DC   20005-2004
202-833-8040                                 202-223-1200

Counsel for Plaintiff                        and

                                             David W. Brooks, Esq.
                                             Mark C. Hegarty, Esq.
                                             John F. Kuckelman, Esq.
                                             Harley V. Ratliff, Esq.
                                             SHOOK, HARDY & BACON, L.L.P.
                                             2555 Grand Boulevard
                                             Kansas City, MO   64108
                                             816-474-6550

                                             Counsel for Defendant Eli Lilly and Company

                                             GOODELL, DEVRIES, LEECH & DANN LLP

                                              /s/ Sidney G. Leech (by permission-rm)
                                             SIDNEY G. LEECH, #359071
                                             One South Street, 20th Floor
                                             Baltimore, MD   21202
                                             410-783-4000

                                             Counsel for Defendant Bristol-Myers Squibb

Dated: August 18, 2005