THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * * * * * * * * * * * *

**KAREN DUSEAU,**

**Plaintiff,**   *   Civil Action No. 05-cv-01583 (GK)

vs.   *   Next Scheduled Event:
  *   Scheduling Conference,
**ELI LILLY AND COMPANY,**   *   March 24, 2006, 10:00 a.m.
and

**BRISTOL-MYERS SQUIBB COMPANY**
a successor of E.R. SQUIBB & SONS, INC.,

**Defendants**.

* * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
### MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

This product liability action, in which a Massachusetts resident alleges injuries as a result of her alleged exposure to a synthetic estrogen, diethylstilbestrol ("DES"), during her mother's 1969 pregnancy with her in Massachusetts, has no connection to the District of Columbia and should be transferred to the United States District Court for the District of Massachusetts. Specifically, under 28 U.S.C. § 1404(a), this Court may transfer this action to the District of Massachusetts "[f]or the convenience of parties and witnesses, in the interest of justice." The relevant factors in this case demonstrate that the United States District Court for the District of Massachusetts is a more convenient forum for the parties and witnesses and that the interest of justice would be served by transfer:

- Plaintiff resides in South Weymouth, Massachusetts, with her husband;

- Plaintiff's parents, witnesses with substantial knowledge of facts at issue in this matter, reside in Massachusetts;

1914561v1

- Plaintiff's doctors -- who allegedly diagnosed and treated plaintiff's alleged injuries -- are in Massachusetts;

- The events allegedly giving rise to plaintiff's cause of action -- the prescription, purchase, and ingestion of DES, as well as alleged exposure to DES and diagnosis of plaintiff's alleged injuries -- occurred in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Accordingly, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Massachusetts.

I.  **THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MASSACHUSETTS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the transferor district and the cause of action; and where the interests of justice would be served by transfer. *See* 28 U.S.C. § 1404(a).

2

In *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and the transferee forum, the District of New Jersey. The Court noted: "While it is significant that New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." (*See* **Attachment A** to Affidavit of Michelle R. Mangrum in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 1**.) *See also Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate). (**Attachment B** to Exhibit 1.)

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, in *Thompson*, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was exposed to DES, but were spread throughout the country. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. "Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses." (*See* Attachment B to Exhibit 1, p. 4.)

3

As set forth below, this case has no connection to the District of Columbia, but a strong connection to the District of Massachusetts. It would be more convenient for the parties to litigate this action in Massachusetts where crucial fact witnesses reside and because there is absolutely no connection between the District of Columbia and the plaintiff's claims.

**A.   This Action "Might Have Been Brought" Originally In The United States District Court For The District Of Massachusetts**

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiff could have brought this action originally in the District of Massachusetts. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, plaintiff's mother was allegedly prescribed DES, purchased DES and ingested DES in Massachusetts, where she resided throughout her pregnancy with plaintiff. (*See* Plaintiff's Answers to Eli Lilly and Company's First Set of Interrogatories, Nos. 11, 17, 20, attached as **Exhibit 2**; Complaint, ¶ 3.) Plaintiff was allegedly exposed to and injured by DES in utero in Massachusetts. (*Id*., Complaint ¶ 3-4) Moreover, plaintiff and her parents still reside in Massachusetts and plaintiff's treating physicians, who allegedly diagnosed and treated plaintiff's alleged injuries, are in Massachusetts. (Exhibit 2, Nos. 2, 7, 9, 17 and 18.) Clearly, a substantial part of the events related to plaintiff's claim occurred in Massachusetts and venue is appropriate there.

Additionally, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Plaintiff resides in and is domiciled in Massachusetts; Lilly is incorporated and has its principal place of business in Indiana. Further, to the extent permitted by the United States Constitution, Massachusetts's long-arm statute, reaches torts the alleged consequences of which occur within the Commonwealth of Massachusetts. *See* M.G.L.A. 223A § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to venue and subject matter and personal jurisdiction.

### B. The District Of Massachusetts Is Far More Convenient For The Witnesses Likely To Be Called To Testify At Trial

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *see also Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere). As confirmed by plaintiff's Answers to Lilly's Interrogatories, the potential witnesses and sources of proof concerning the injuries alleged in this case are located in the District of Massachusetts .

There are three major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining medical records. The first issue is the question of exposure, i.e., whether the plaintiff's mother actually ingested

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

diethylstilbestrol during her pregnancy with the plaintiff. Principal witnesses on this point are plaintiff's parents, Rosalie Leary and Daniel Leary, who reside in the District of Massachusetts. (*See* Exhibit 2, No. 17 and 18). Additionally, testimony from the prescribing physician, if alive, and medical records for plaintiff's mother's pregnancy with her are also relevant to this issue. Both are in Massachusetts. Plaintiff's parents cannot be compelled to testify at trial in the District Court for the District of Columbia, while they can be so compelled in the District of Massachusetts.

A second issue is who manufactured the DES that plaintiff's mother allegedly ingested. The principal witnesses on this point are pharmacists and pharmacy employees who worked at the pharmacy where plaintiff's mother allegedly filled her prescription. In this case, George Couper, a pharmacist who worked at the pharmacy where Mrs. Leary allegedly filled her prescription, has already been deposed.[2] Mr. Couper lives in Massachusetts and his deposition was held at his home in Massachusetts. Mr. Couper, and any other Massachusetts pharmacy witnesses who may be identified, cannot be compelled to testify at trial in the District of Columbia, but can be so compelled in the District of Massachusetts.

A third issue concerns the nature and extent of plaintiff's alleged injuries and the causes of her alleged injuries. Here, plaintiff's case depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiff, all of whom are in Massachusetts, with the exception of one student health facility in New York. (*See* Exhibit 2, Nos. 7 and 9.) None of the physicians whom plaintiff identifies as having treated her alleged injuries are located in the District of Columbia. *See id.* Lilly intends to depose plaintiff's physicians and believes it will be necessary to call them to testify at trial. For purposes of

---

[2] The Court has not yet entered a Scheduling Order in this case. Mr. Couper was deposed early in this case as an accommodation to plaintiff. No other witnesses have been deposed.

6

1914561v1

compelling these witnesses to testify at trial, these witnesses are subject to the subpoena power of the United States District Court for the District of Massachusetts, but none are subject to the subpoena power of this Court in the District of Columbia.

In sum, Lilly is not aware of a single fact witness who resides in or is subject to the subpoena power of the District of Columbia. Thus, when considering the convenience of the witnesses as a whole, the District of Massachusetts is by far the most convenient forum for this litigation.

### C. Plaintiff's Choice Of Forum Is Entitled To Little Deference Because There Is No Nexus Between The District Of Columbia And The Cause Of Action

Plaintiff has chosen to sue in a forum with no factual nexus with her claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis.…In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). In *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume" that because she chose the District of Columbia in which to file suit, that her choice of venue will not be disturbed. "[P]laintiff's choice of forum is not accorded substantial deference where 'the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or the subject matter.'" *Id.* *See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum...is

1914561v1

mitigated...[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state.). *Id.* (citations and internal quotations omitted). That a plaintiff's choice of forum is not entitled to substantial deference where the plaintiff does not reside in the forum has been recognized by this Court in granting Lilly's motions to transfer other DES cases. *See Thompson,* Attachment A to Exhibit 1, p. 2 (refusing to give deference to Plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson*, Attachment B to Exhibit 1, pp. 2-3 (same).[3]

Plaintiff does not reside in the District of Columbia and none of the events concerning plaintiff's alleged injuries as a result of *in utero* exposure to diethylstilbestrol are alleged to have occurred in the District of Columbia. Therefore, plaintiff's chosen forum is not entitled to deference.

>   D.   **Transferring This Action To The United States District Court For The District Of Massachusetts Is In The Interests Of Justice**

Lastly, the interests of justice dictate that this action be transferred to the District of Massachusetts. The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should

---

[3] To the extent that plaintiff claims a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.,* No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, in *Thompson* and *Abramson*, this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at p. 4 n.6. In both cases, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3.

1914561v1

consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

These factors point toward the District of Massachusetts and away from the District of Columbia.  First, the state of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and effectively.  The next factor, the applicable law, favors Massachusetts because Massachusetts state tort law is likely to be applied.  Specifically, under the District of Columbia governmental interests choice of law analysis, a court must consider four factors to determine which state's substantive law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971).  These factors weigh heavily in favor of Massachusetts law; indeed, not a single factor favors application of District of Columbia law.  *See Thompson*, Attachment A to Exhibit 1, at p. 5 n.5 (court found, under similar facts, that the District of Columbia choice of law analysis "would seemingly compel this court to apply Massachusetts law").

Additionally, it is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum.  As Judge Walton noted in *Thompson*, the District of Columbia's court calendar is "quite congested" and there is no reason that the District of Massachusetts cannot adequately

resolve this case. *See* Attachment A to Exhibit 1, p. 4 n.4. Similarly, in *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case."[4] Attachment B to Exhibit 1, pp. 4-5.

## CONCLUSION

This case has a substantial connection to the District of Massachusetts and no connection to the District of Columbia. The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Massachusetts. Accordingly, Lilly respectfully requests the Court to transfer this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Dated: March 15, 2006

Respectfully submitted,

 /s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108

---

[4] As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the District of Columbia that, for the convenience of the parties and in the interest of justice, should be transferred. *See also Thompson*, Attachment A to Exhibit 1, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer).

10

1914561v1

        Phone: (816) 474-6550
        Fax: (816) 421-5547

        **ATTORNEYS FOR DEFENDANT**
        **ELI LILLY AND COMPANY**

1914561v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 15th day of March, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

  /s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

1914561v1